### HENRY TAMPLIN v. THE STATE.

No. 473. Decided March 2, 1910.

**Local Option—Sufficiency of the Evidence.**

Where, upon trial of a violation of the local option law, the State proved a sale by the defendant of the alleged whisky, and the defendant testified that he simply ordered the whisky for the prosecutor, the same became an issue of fact and the conviction will not be disturbed.

Appeal from the County Court of Camp. Tried below before the Hon. C. G. Engledow.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, JUDGE.—This is an appeal from a conviction for violating the local option law, the penalty assessed being a fine of $25 and twenty days in jail.

The State's witness, Henry Searcy, testified that he bought from appellant in January, 1909, a pint of whisky, for which he paid sixty-five cents, and that he bought the same at the house of the appellant in Pittsburg, Camp County, Texas; that no one was present at the time but the appellant and the witness. The appellant took the stand and testified that he did let the witness have the whisky, but some time before that the witness came to him and asked him to order some whisky for him and stated that he did not have any money and for the appellant to advance the money for him and order him a pint of whisky. The appellant says that he did this and that when the witness came on the day in question he let him have the whisky and the witness paid him. The proof shows local option was in effect in Camp County.

The only ground in the motion for new trial is that the judgment is not supported by the evidence. We are not authorized to disturb the verdict of the jury on a controverted issue. The jury believed the testimony of the witness for the State and did not believe appellant's theory of the matter. We would not feel justified in disturbing the verdict of the jury on the ground of the insufficiency of the testimony and finding no error in the record the judgment is affirmed.

*Affirmed.*